# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAPST LICENSING GMBH & CO. KG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LATTICE SEMICONDUCTOR CORP., ) <br> ) <br> Defendant. ) | Civil Action No. 14-1375-LPS-CJB |

## MEMORANDUM ORDER

1. Before the Court is a motion to stay the proceedings in the instant patent infringement case, filed by Defendant Lattice Semiconductor Corp. ("Defendant" or "Lattice"). (D.I. 29) Defendant seeks a stay of this case pending resolution of its motions to dismiss (D.I. 8) or its motion to transfer this action to the Northern District of California (D.I. 16).

2. A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).

3. After taking into account the three stay-related factors set forth above, as well as the particular circumstances of this case, the Court will DENY Defendant's motion, with leave to renew. The Court determines that this course is appropriate here for the three reasons set forth

below.

4. First, the Court expects to resolve Defendant's motion to transfer in the near future, along with similar motions seeking transfer that have been filed by the defendants in two related cases.[1] At the time it issues those decisions, the Court will address the stay issue again with the parties. If the Court determines that the instant case should be transferred, it expects to stay the case at that time. In the meantime, all that has occurred pursuant to the Scheduling Order in the case is that the parties have made some basic initial disclosures. (*See, e.g.*, D.I. 32 at ¶ 7(a)-(b)) The Court's decision on the motion to transfer will come well before Defendant is required to provide more substantive contentions, (*see id.* at ¶ 7(d)), and so the Court does not find Defendant's simplification-related arguments (D.I. 30 at 5-6) persuasive for the time being.

5. Second, resolving the motion to stay in this way will permit the three related cases to proceed on the same schedule until, at a minimum, the venue issue is addressed. (D.I. 33 at 7 (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, Civil Action No. 08-373-JJF-LPS, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009)) The defendants in the other two related cases have not filed motions to stay, and there is some efficiency-related benefit (at least for now) to having all three cases move forward on the same path.

6. Third, the Court does not see this outcome as occasioning significant prejudice to either party.

7. For these reasons, the motion to stay is DENIED without prejudice to renew. Upon resolution of Defendant's motion to transfer, the Court will address the stay issue anew

---

[1] The related cases are *Papst Licensing GmbH & Co. KG v. Xilinx Inc.*, Civil Action No. 14-1376-LPS-CJB (D. Del.) and *Papst Licensing GmbH & Co. KG v. Altera Corp.*, Civil Action No. 15-162-LPS-CJB (D. Del.).

with the parties.

Dated: August 3, 2015

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE